IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON A. DWINGA, III o/b/o<br>RUNAWAY RECORDS<br>PRODUCTIONS, LLC; | : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO.: 2:05-mc-2025 |
| Plaintiff, | : <br> : <br> : | Civil action 2:21cv752 |
| v. | : <br> : | |
| FRANCISCAN UNIVERSITY<br>OF STEUBENVILLE; | : <br> : <br> : | **COMPLAINT** |
| Defendant. | : <br> : <br> : | |

Filed on Behalf of Plaintiff:
Leon A. Dwinga, III o/b/o
Runaway Records Productions, LLC.

Counsel of Record for this Party:

Matthew J. Scanlon, Esquire
PA I.D. #307209

Timothy Grant Wojton, Esquire
PA I.D. #307894

Scanlon & Wojton, LLC
304 Ross Street, Suite 510
Pittsburgh, PA 15219
(412) 918-1241 – office
(412) 235-7275 – fax

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON A. DWINGA, III o/b/o RUNAWAY RECORDS PRODUCTIONS, LLC; | : : : : | CIVIL ACTION<br><br>NO.: 2:05-mc-2025 |
| Plaintiff, | : : | |
| v. | : : | |
| FRANCISCAN UNIVERSITY OF STEUBENVILLE; | : : : : | |
| Defendant. | : : | |

## **COMPLAINT**

AND NOW, comes the Plaintiff, Leon A. Dwinga, III o/b/o Runaway Records Productions, LLC, by and through its counsel, Matthew J. Scanlon, Esq., Timothy Grant Wojton, Esq., and Scanlon & Wojton, LLC, and hereby aver the following:

## **PRELIMINARY STATEMENT**

1. This is an action for breach of contract suffered by Plaintiff, as a result of the Defendant, Franciscan University of Steubenville terminating the contract without just cause as well as failing to terminate in the appropriately required time, according to the agreed upon contract between the parties. *See "Contract-2014", attached hereto as Exhibit "A".*

2. Plaintiff has suffered devastating financial losses as a result of the breaches of contract by Defendant, Franciscan University of Steubenville, (hereinafter referred to as "Franciscan" or "FUoS"), detailed more fully below.

3.     Defendant is a private institution of higher learning with its campus located in Steubenville, Jefferson County, Ohio. In the "About" section of Defendant's website, www.franciscan.edu, the University states: "How you live your life – where you go, what you do, who you are – builds on the life of Christ within you and what you embrace while you're here."[1]

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, as Plaintiff is a resident of Pennsylvania and Runaway Records Productions, LLC, of which he is owner, president, agent thereof is registered and located within Western Pennsylvania. Defendant, FUoS, is a Catholic faith-based university of the Franciscan Friars of the Third Order Regular, located in Steubenville, Ohio.

5.     The amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the formation of the contract occurred in Western Pennsylvania and the breaches of contract by Defendant, FUoS, were communicated to and received by Plaintiff in Western Pennsylvania. Plaintiff also believes and avers venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(2) as Plaintiff's principal place of business is in the Western District.

7.     This Court has personal jurisdiction over each defendant pursuant to 42 Pa.C.S.A. § 5301, 42 Pa.C.S.A. § 5322, and/or Fed. R. Civ. P. 4 and 4(k).

---

[1] See https://franciscan.edu/about/

## THE PARTIES

### Plaintiff

8. Plaintiff, Leon A. Dwinga, III, is the owner, president and legal agent of Runaway Records Productions, LLC, a registered business in the Commonwealth of Pennsylvania with a principal business address located at 1125 Noblestown Road, Oakdale, PA 15071.

### Defendant

9. Franciscan University of Steubenville is a private education institution of higher learning a campus address located at 1235 University Boulevard, Steubenville, Ohio 43952.

## FACTUAL BACKGROUND

10. In or around 2014, Plaintiff and Defendant entered into a contractual relationship for services rendered. The contract established that the Plaintiff was to provide various production services, including but not limited to consultation, business strategy, marketing, audio, visual, recording, videotaping, broadcasting, lighting, managing conferences, masses, and concerts for Defendant Franciscan.

On or about March 19, 2018, Plaintiff and Defendant entered into a binding, written contract which covered the conference years of 2018, 2019 and 2020. *See "Contract-2018", attached hereto as Exhibit "B".*

On or about February 25th, 2019 Plaintiff and Defendant entered into a binding, written contract which covered the conference years of 2019, 2020 and 2021. *See "Contract-2019", attached hereto as Exhibit "C".*

On or about February 26, 2020, Plaintiff and Defendant entered into a binding, written contract which covered the conference years of 2020, 2021 and 2022. *See "Contract-2020", attached hereto as Exhibit "D".*

11. However, Defendant, FUoS, without warning, without a meeting of the minds or any written or verbal understanding or compromise, and without just cause, terminated the contract prior to the 2020 conference season. In fact, Mark Joseph, Franciscan's Executive Director, Christian Outreach Office, was recorded explaining that they chose to cancel the 2020 conference season due to the COVID-19 pandemic.

12. At all times pertinent hereto, upon information and belief, Defendant, FUoS, pursuant to the Contract attached hereto, failed to pay monetary consideration earned by Plaintiff, per the Contract, including countless hours of labor, material costs, out-of-pocket expenses incurred by Plaintiff, required to plan, stage and execute an event for the university. Plaintiff was purchasing equipment solely to perform Plaintiff's end of the bargain, producing results and expectations which Plaintiff strictly and faithfully adhered to.

13. At all times pertinent hereto, upon information and belief, Plaintiff has delivered and produced on his end of the bargained-for consideration, which was outlined in the contract, to wit: Plaintiff has worked tirelessly to competently and thoroughly perform all services, as outlined in the contract, since the execution date of the contract, however, was unable to do so as a result of Defendant's breaches. Plaintiff now expects to be compensated for his labor, time and materials/expenses he disbursed solely for the benefit of FUoS, its president, chancellor, priests, leaders, and students, pursuant to the contract with Defendant, of which he is fully entitled under applicable law.

14. To date, Plaintiff has not been fully compensated by Defendant. Defendant made one period payment per the contract and never made another payment since that time, a period of well over one year.

15. Thus, at this moment, Defendant, Franciscan University of Steubenville, is in breach of the written contract between the parties and Defendant still substantially benefits from the use of technology provided by Plaintiff, i.e., Defendant is currently utilizing Plaintiff's purchased equipment, which Plaintiff has yet to be compensated for, to host mass and conferences, without making any payment to Plaintiff.

16. Furthermore, Plaintiff has, to his detriment, relied upon the warranties of Defendant that he (Plaintiff) would be compensated for the professional audio, visual, lighting, staging, set design, production, videorecording, editing, screening, etc., it rendered and performed at FUoS.

17. Plaintiff justifiably relied upon the information on hand at the time of execution of the contract, namely the contract itself, that Plaintiff would be fairly compensated for its labor, manpower, materials, and out-of-pocket expenses related to the production and events for Defendant, as outlined above.

18. However, as a result of this justifiable reliance, Plaintiff has experienced financial and monetary losses, to its sole detriment, which was caused, directly and/or proximately, by the breaches of Contract by Defendant.

19. To that end, Defendant, Franciscan University of Steubenville, breached the written contract in some or all of the following particulars:

    a. Defendant failed to pay Plaintiff the amounts thousands of dollars despite the clear language of the contract requiring Defendant to so pay;

b.  In failing to produce any legitimate, time-required notice of any refusal to perform pursuant to the contract, refusal to pay per the terms of the written contract executed between the parties based upon the distinguished time line;

c.  Specifically, Franciscan University of Steubenville failed to give any just cause for the termination of the contract and to do so within the allotted date and time specified in the contract despite the fact that there was never an *force majeure clause* in the contract.

20. Based upon information, knowledge and belief, Plaintiff upheld, discharged and performed, to a satisfactory extent, its obligations and duties under the written Contract with Defendant.

21. The breach by Defendant, FUoS, as aforesaid, have caused, directly and/or proximately, Plaintiff to suffer severe financial and monetary harm, including thousands of dollars resulting from the contract not being paid as well as thousands of dollars in costs and expenses which were not reimbursed.

## COUNT I
## BREACH OF CONTRACT
## LEON A. DWINGA, III o/b/o RUNAWAY RECORDS PRODUCTIONS, LLC V. FRANCISCAN UNIVERSITY OF STEUBENVILLE

22. Paragraphs one (1) through and including twenty-one (21) are hereby incorporated as though fully set forth herein.

23. On or about March 19, 2018, Plaintiff entered into a written contract with Defendant for the years 2018, 2019 and 2020.

24. At all times pertinent hereto, Plaintiff and Defendant had privity of contract, which was valid and enforceable at all times, and which had not been legally modified, terminated, suffered recission, canceled or otherwise invalidated by any metric.

25. Defendant, as named above, had a duty, as the result of privity of contract and relationship with Plaintiff, to deal fairly and in good faith with Plaintiff and, above all, abide by the terms of the written contract it executed with Plaintiff.

26. Defendant, as named above, breached that duty when it failed to honor the terms of the Contract with Plaintiff, in some or all of the following respects:

   a. Defendant failed to pay Plaintiff the total contract amount or the amounts referenced in the ledger and Plaintiff's Work Orders, which were provided to Defendant from Plaintiff, despite the clear language of the contract binding Defendant to "pay Contractor a fee…" for services outlined and rendered;

   b. In failing to pay the "3% annual inflationary index increase on the previous year's fees" per the terms of the contract;

   c. Specifically, Franciscan University of Steubenville failed to give any just cause for the termination of the contract and to do so within the allotted date and time specified in the contract, where a *force majeure clause* did not exist in the written contract, which clearly represents a breach of the contract.

27. Defendant directly and/or proximately caused Plaintiff to suffer great financial harm, specifically including hundreds of thousands of dollars in lost revenue by Plaintiff was effectively estopped from undertaking any new production projects due to the three-year term

contract he was bound by with Defendants. Despite the breach by Defendant, Plaintiff was still under contract for 2021 and was thus not able to take on any new or additional production or design work at that stage, during the breach.

28.     Thus, the aforementioned decision by Defendant, to patently refuse, without justification or cause, to pay Plaintiff the agreed upon contract price for 2019, 2020, and 2021 and the ledger costs, resulted in damages, to wit: had Defendant followed through on its contractual obligations or duties, Plaintiff would have avoided paying thousands in legal fees and costs which he has now been forced to undertake.

29.     Moreover, as a result of the foregoing, Plaintiff suffered damages in lost profits and earnings derived from prospective profits, not to be discounted to present value, a form of consequential damages as the legal fees and costs Plaintiff was required to expend has nearly driven them out of business.

30.     Defendant, FUoS, has failed to remediate and right the wrongs perpetrated by the breaches identified, i.e., Defendant remains in breach.

31.     Defendant directly and/or proximately caused Plaintiff to suffer great financial harm, leading to the near closure of all of Plaintiff's business ventures, as a result of the foregoing breach of this Contract by Defendant, FUoS. For these damages, Plaintiff demands monetary relief in an amount deemed appropriate and just by the Court.

## COUNT II
## INTENTIONAL (TORTIOUS) INTERFERENCE WITH CONTRACTUAL RELATIONS
## LEON A. DWINGA, III o/b/o RUNAWAY RECORDS PRODUCTIONS, LLC V.
## FRANCISCAN UNIVERSITY OF STEUBENVILLE

32. Paragraphs one (1) through and including thirty-one (31) are hereby incorporated as though fully set forth at length herein.

33. At all times pertinent hereto, Plaintiff and Defendant, as stated aforesaid, entered into a binding contract.

34. At all times pertinent hereto, Defendant failed to enter a *"force majeure clause"* provision into the contract.

35. Defendant, Franciscan University of Steubenville, intentionally and improperly interfered with the prospective contracts Plaintiff had with third parties.

36. As previously detailed, Defendant terminated the contract due to the COVID-19 pandemic yet did so without a proper provision in the contract to warrant termination. Moreover, Defendant failed to terminate the contract within the time allotted for valid termination, spelled out in the contract.

37. Despite the explanation from Mark Joseph as to why events would be canceled, Defendant, Franciscan University of Steubenville still produced countless in person and livestream events in 2020, including virtual masses and conferences.

38. At all times pertinent hereto, the above-named Defendant lacked a reasonable basis for its termination, despite the seriousness of the pandemic, because there was no *force majeure clause* in any contract with Plaintiff.

39. Defendant, by violating the terms of the contract, specifically intended to harm Plaintiff, knowing the financially ramifications it would cause Plaintiff to suffer relative to

Plaintiff's business dealings with third parties as Defendant failed to validly terminate the contract per the terms of the contract spelling out termination.

40. Despite Defendant's decision to breach contract, Plaintiff was, at all times relevant hereto, committed to safely producing all events that Defendant held, including the events that Defendant continued to produce throughout the pandemic with other vendors, while utilizing Plaintiff's equipment in a state of unlawful conversion.

41. Plaintiff did, in fact, suffer actual damages as a result of Defendant's conduct, specifically, by great financial loss of the contractual amount remaining unpaid, out-of-pocket expenses which have yet to be reimbursed to Plaintiff by Defendant and the lost revenue Plaintiff experienced from the intentional interference with contractual relations by Defendant. Defendant has knowingly, and intentionally, withheld, unlawfully converted, Plaintiff's production and multimedia equipment, which is still installed on university property, which has precluded Plaintiff from undertaking any new business ventures. This conduct is another example of an intentional interference with business relations between Plaintiff and third parties.

## COUNT III
## UNJUST ENRICHMENT
## LEON A. DWINGA, III o/b/o RUNAWAY RECORDS PRODUCTIONS, LLC V. FRANCISCAN UNIVERSITY OF STEUBENVILLE

42. Paragraphs one (1) through and including forty-one (41) are hereby incorporated as though fully set forth at length herein.

43. Defendant appreciated the benefit conferred upon Plaintiff by not satisfying the terms of the contract.

44. Additionally, Defendant benefitted by continuously producing events from the donations of hundreds of thousands of dollars by benefactors around the world yet failed and patently refuses to issue payment to Plaintiff of any amount of the outstanding contractual amounts owed, all the while utilizing the personal equipment of the Plaintiff continue to produce events paying separate multimedia and production companies from the tax-free donated monies of Catholic-faith benefactors.

45. Acceptance and retention of this benefit, by Defendant, under these circumstances, where the Plaintiff was not fully compensated, is inequitable for the Defendant to retain this benefit without paying for the value of the benefit.

46. Whether the above was the intent of the Defendant or not is irrelevant; simply, Defendant, Franciscan University of Steubenville, has been unjustly enriched herein.

## COUNT IV
## CONVERSION
## LEON A. DWINGA, III o/b/o RUNAWAY RECORDS PRODUCTIONS, LLC V. FRANCISCAN UNIVERSITY OF STEUBENVILLE

47. Paragraphs one (1) through and including forty-six (46) are hereby incorporated as though fully set forth at length herein.

48. At all times pertinent hereto, Defendant intentionally deprived Plaintiff of its personal property, not only unlawfully withholding large-scale amounts of production and multimedia equipment, owned by Plaintiff, from Plaintiff, but also continuing to profit from its use without unlawfully, without permission or express written consent of Plaintiff.

49. Defendant not only lacked consent for this type of use of the property owned by the Plaintiff but refused to return Plaintiff's property immediately Defendant breached the contract and communicated that breach to Plaintiff, despite a request for the equipment's return by Plaintiff.

50. Only relatively recently did counsel for Defendant indicate of undersigned counsel that the production and multimedia equipment be made available for Plaintiff to efficiently retrieve said property and equipment of Plaintiff.

51. At all times pertinent hereto, Defendant, Franciscan University of Steubenville, acted with malice and reckless disregard for the personal rights and property of Plaintiff, which is evidenced by a blatant refusal of Defendant to return Plaintiff's property or provide Plaintiff with any opportunity of retrieval.

Respectfully submitted,

_____
Matthew J. Scanlon, Esq.