**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUNAWAY RECORDS | ) | |
| PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-752 |
| | ) | |
| FRANCISCAN UNIVERSITY | ) | |
| OF STEUBENVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION**</u>

Presently before the Court is Plaintiff and Counterclaim Defendant Runaway Records Productions, LLC's ("Runaway") Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(6) of Defendant and Counterclaimant Franciscan University of Steubenville (the "University"). (Docket No. 23). The parties submitted legal memoranda supporting their respective positions (Docket Nos. 24, 26) and the matter is now ripe for disposition.[1] Runaway's Motion is granted in part and denied in part for the reasons set forth herein.

---

[1] The University contends that Runaway's Motion should be "summarily denied" pursuant to this Court's Order at Docket No. 2 requiring the parties to meet and confer before filing a Rule 12(b) motion because Runaway failed to satisfy this obligation. (Docket No. 26 at 1 and n. 1). The Court reminds the parties that its Orders are not mere suggestions, and parties and counsel are expected to comply fully with such orders and that failure to do so may result in having any such improvident motions stricken or summarily denied. However, in the interest of justice and for expediency, the Court will forgo doing so here and will decide the pending motion on the merits.

## I.      Background[2]

The parties' dispute arises out of the disruption to their contractual relationship when the COVID-19 pandemic prevented the University from holding in-person events for which Runaway agreed to provide audio and visual production, broadcasting, videotaping, and other production goods and services as outlined in the parties' Independent Contractor Agreement dated February 26, 2020 (the "Agreement").  (Docket Nos. 10, ¶¶ 8, 10, 11, 25; 10-1; 22, ¶¶ 81, 82; 22-1).

Runaway commenced this lawsuit and currently advances claims alleging clams against the University for breach of contract and conversion.  (Docket Nos. 10, 17, 18).  In response, the University asserts counterclaims for breach of contract (Count I), unjust enrichment (Count II), and declaratory judgment (Count III) (Docket No. 22, "Counterclaim"), which Runaway seeks to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 23).[3]

## II.     Standard of Review

In considering Runaway's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations contained in the University's Counterclaim must be

---

[2]      As the parties are well-acquainted with the factual background of this case, which has already been summarized in the Court's prior Memorandum Opinion dated October 5, 2022 (Docket No. 17), the Court will present a very brief recitation of the facts as alleged in the Amended Complaint (Docket No. 10) and Answer to Amended Complaint, Affirmative Defenses, and Counterclaim (Docket No. 22) in a light most favorable to the University as the non-movant here.

[3]      Runaway alternatively moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Docket No. 23, ¶ 6).  The prevailing standard employed by courts within the Third Circuit is to grant a Rule 12(e) motion "'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'"  *Lamb v. Richards Snow & Ice Removal*, No. 3:17-cv-28, 2017 WL 6352401 at *1 (W.D. Pa. December 11, 2017) (quoting *MK Strategies, LLC, v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (additional citations omitted)).  "Rule 12(e) should not be used to obtain information 'which presents a proper subject for discovery.'"  *Id.* (quoting *Lincoln Labs., Inc. v. Savage Labs.*, Inc., 26 F.R.D. 141, 142-43 (D. Del. 1960)).  Rule 12(e) motions should be granted based on "unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989) (Smith, J.).  Whether a Rule 12(e) motion should be granted is "'a matter committed largely to the discretion of the district court.'"  *MK Strategies*, 567 F. Supp. 2d at 737 (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003)).  As set forth in further detail below, the University's Counterclaim is not unintelligible, nor is it so vague or ambiguous that Runaway cannot respond even with a simple denial without prejudice to itself.  Accordingly, Runaway's alternative motion for a more definite statement is denied.

accepted as true and must be construed in the light most favorable to the University as the non-movant here, and the Court must determine whether the University may be entitled to relief under any reasonable reading of its Counterclaim. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" the counterclaim must "'give the [counterclaim] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Supreme Court has noted that a "claim has facial plausibility when [pleading] factual content that allows the court to draw the reasonable inference that the [counterclaim] defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a

factual allegation.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

III.   **Discussion**

    A.   **Breach of Contract**

The University asserts a breach of contract counterclaim[4] alleging that it paid Runaway amounts exceeding $100,000 for costs associated with Runaway's vendors and equipment that it needed to provide goods and services per the parties' Agreement but which it ultimately did not provide.  (Docket No. 22, ¶¶ 80-90).  Runaway avers in its Amended Complaint that it was the University who breached the parties' Agreement, and now it contends, in response to the University's breach of contract counterclaim, that its contractual obligation to provide goods and services was excused by the University's failure to satisfy a condition precedent (*i.e.*, holding the events at which Runaway was to render its services because the University cancelled those events). (Docket No. 24 at 6-7).

Under Ohio law, the nonoccurrence of a condition precedent excuses performance under the contract[5] and is a defense to a breach of contract claim.  *See Eagle Realty Investments, Inc. v. Dumon*, 201 N.E. 3d 963, 969 (Ohio Ct. App., First Dist., 2022).  However, the University is not required to plead around or negate this defense at this juncture, *see Burbach v. Arconic Corp.*, 561 F. Supp. 3d 508, 519-20 (W.D. Pa. 2021), and it otherwise has pled enough to state a plausible breach of contract claim.

---

[4]      The parties' Agreement provided for application of Ohio law.  *See* Mem. Op. at 4 (Docket No. 17).

[5]      Under Ohio law, "conditions precedent are disfavored and will not be found unless the agreement plainly shows an intent to the contrary."  *Eagle Realty Investments, Inc.,* 201 N.E. 3d at 969 (internal citation and quotation marks omitted).

### B.    <u>Unjust Enrichment</u>

The University alleges an unjust enrichment counterclaim as an alternative to its breach of contract counterclaim.  (Docket No. 22, ¶¶ 91-96).  In response, Runaway contends that the parties' Agreement precludes the University from pursing its unjust enrichment claim and further contends that the Court previously made this ruling when dismissing its unjust enrichment claim which now is the law of the case.  The Court disagrees

As the Court previously observed, under Pennsylvania law, a party may not pursue an unjust enrichment claim if the parties' relationship is governed by a written contract unless the conduct at issue is outside the scope of the contract or where "'there is a dispute about the existence or validity of the contract in question.'"  (Docket No. 17 at 10 (quoting *Power Restoration Int'l, Inc. v. Pepsico, Inc.*, No. 12-1922, 2013 WL 5636618, at *6 (E.D. Pa. Oct. 11, 2013) (internal citations and quotation marks omitted))).  Consequently, the Court dismissed Runaway's unjust enrichment claim because Runaway sought to recover money for equipment and services encompassed by their Agreement, the existence or validity of which the University has not challenged.  (*Id.* at 11).

By contrast, in response to the University's Counterclaim, Runaway contends that its contractual obligations are nullified or excused, and thus is disputing the validity of the parties' Agreement.  (Docket No. 24 at 6-7).  Moreover, the University is alleging alternative bases for Runaway's purported liability, *i.e.*, that Runaway either failed to provide goods and services per their Agreement or failed to refund payments made to it in good faith for expenses incurred in anticipation of their fulfillment of contractual duties that were never substantiated or were *never used for such purposes*.  (Docket No. 22, ¶¶ 91-96).  This alternative basis of liability plausibly

falls outside of the parties' contractual relationship.  Accordingly, at this juncture, the University

alternatively and plausibly pleads an unjust enrichment claim.[6]

### C.  **Declaratory Judgment**

In its Counterclaim, the University seeks a declaratory judgment that the parties'

Agreement is "terminated, void, null, and of no factual or legal effect."[7]  (Docket No. 22, ¶ 99).

Runaway, citing non-binding precedent from the Sixth Circuit, argues that this Court should

decline to exercise its discretionary jurisdiction here, contending that deciding this claim would

not resolve the ultimate controversy between the parties, that this matter "has no import for other

parties or potential litigants in other actions . . . [and that it] would not serve a useful purpose in

clarifying the legal relations in issue."  (Docket No. 24 at 9-10 (citing *Bituminous Cas. Corp. v. J

&L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004))).  The University also relies on Sixth

Circuit precedent and counters that its declaratory judgment action would narrow the controversy

and would clarify the legal relations at issue.  Both parties miss the mark.

Third Circuit precedent, which controls here, provides that "a counterclaim for declaratory

judgment may be dismissed as redundant where it is clear that 'complete identity of factual and

legal issues [exist] between the complaint and the counterclaim.'"  *Barnett v. Platinum Equity

Capital Partners II, L.P.*, No. 2:16-cv-1668, 2017 WL 3190654, at *4 (W.D. Pa. July 27, 2017)

(quoting *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975)).  Here, the parties assert dueling

---

[6]  As most commonly defined, the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Minard Run Oil Co. v. U.S. Forest Serv.*, 894 F. Supp. 2d 642, 650-51 (W.D. Pa. 2012).  Here, the Court's determination as to the cognizability of the parties' unjust enrichment claims is not due to a decision pertaining to a particular rule of law, such as the application of Pennsylvania law versus Ohio law, but instead is based upon the application of such law to the parties' respective pleadings.  Consequently, the law of the case doctrine does not apply.  Even so, the Court previously invited Runaway to seek leave to amend its Amended Complaint to re-plead an alternative claim for unjust enrichment if otherwise properly supported.  (Docket No. 17 at 11 n. 3).  Nothing in today's decision precludes this invitation.

[7]  A declaratory judgment may be pursued under 28 U.S.C. § 2201.

breach of contract claims against each other arising out of their Agreement and the factual and legal effects, if any, COVID-19 had on the validity or enforceability of their Agreement. So, the issues raised by the University's putative declaratory judgment claim concerning whether the Agreement is nullified, voided, or otherwise of no factual or legal effect are completely redundant to the factual and legal issues presented by the parties' respective breach of contract claims. Given this clear redundancy, the Court declines to exercise its jurisdiction over this declaratory judgment counterclaim and therefore dismisses it with prejudice.

### IV.     <u>Conclusion</u>

For the reasons stated, Runaway's Motion to Dismiss Counterclaim pursuant to Rule 12(b)(6) (Docket No. 23), for failure to state a claim upon which relief can be granted, is granted in part and denied in part. The Motion is denied with respect to Counts I (breach of contract) and II (unjust enrichment) of the University's Counterclaim, and it is granted with respect to Count III (declaratory judgment) of the Counterclaim. Accordingly, Count III of the Counterclaim is dismissed with prejudice.

An appropriate Order follows.


Dated:  May 10, 2023                                  *s/ W. Scott Hardy*
                                                      W. Scott Hardy
                                                      United States District Judge


cc/ecf:  All counsel of record